IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES PICARELLA, | : CIVIL ACTION NO. 1:20-CV-1440 |
| Plaintiff | : (Judge Conner) |
| v. | : |
| JOHN WETZEL, *et al.*, | : |
| Defendants | : |

**MEMORANDUM**

Plaintiff Charles Picarella ("Picarella"), a state inmate in the custody of the Pennsylvania Department of Corrections ("DOC"), commenced this action pursuant to 42 U.S.C. § 1983. (Doc. 1). The matter is proceeding via a third amended complaint. (Doc. 50). The remaining defendants are John Wetzel, Robert Marsh, Bernadette Mason, Theresa DelBalso, and several John Doe individuals. Before the court are Picarella's motions (Docs. 76, 79, 80) for reconsideration of the court's August 4, 2022 memorandum and order (Docs. 72, 73) and August 16, 2022 memorandum and order (Docs. 74, 75), ruling on defendants' motions to dismiss. For the reasons set forth below, we will deny the motions for reconsideration.

**I.      Factual Background & Procedural History**

In the third amended complaint, Picarella alleges violations of his rights under the First, Fifth, and Fourteenth Amendments to the United States Constitution, under 61 Pa.C.S. § 5901, and he sets forth state law negligence claims. (Doc. 50). The following facts are relevant to the instant motions for reconsideration.

Picarella alleges that defendant DelBalso denied him exercise at SCI-Mahanoy from January 28, 2020 through January 30, 3030, and from March 23, 2020 through the filing of the third amended complaint, in violation of 61 Pa. C.S. § 5901, and denied him due process of law.  (Doc. 50 ¶¶ 49-50, 64-68).  He alleges that defendant Ralston violated his First and Fourteenth Amendment rights by confiscating incoming mail.  Defendants DelBalso and Ralston filed a Rule 12(b) motion to dismiss the complaint.  (Doc. 61).  On August 4, 2022, the court granted in part, and denied in part, the motion to dismiss by defendants DelBalso and Ralson.  (Docs. 72, 73).  In the August 4, 2022 order, the court, *inter alia*, dismissed all claims brought pursuant to 61 Pa. C.S. § 5901, dismissed all substantive and procedural due process claims, and dismissed all claims against defendant Ralston.  (Id.)

Picarella also alleges that defendants Wetzel and Marsh implemented the Violence Reduction Strategy ("VRS") policy at SCI-Benner.  (Doc. 50 ¶¶ 197-98).  The VRS was created to reduce violence within state prisons and includes proactive planning and response strategies to prohibited violent acts.  (Id. ¶¶ 196, 199).  Picarella alleges that the policy violates the constitutional rights of inmates, deprives inmates of exercise in violation of 61 Pa.C.S. § 5901, and lacks any legitimate penological objective.  (Id. ¶¶ 203-208).  He claims that defendants Wetzel, Mason, and Marsh denied him exercise at SCI-Mahanoy and SCI-Benner Township in violation of 61 Pa. C.S. § 5901 and deprived him of due process of law.  Defendants Wetzel, Mason, and Marsh filed a Rule 12(b) motion to dismiss the

complaint.¹  (Doc. 52).  On August 16, 2022, the court granted in part, and denied in part, the motion to dismiss.  (Docs. 74, 75).  In the August 16, 2022 order, the court, *inter alia*, dismissed all claims brought pursuant 61 Pa. C.S. § 5901, and dismissed all substantive and procedural due process claims.  (Id.)

Picarella requests that the court reconsider portions of its August 4, 2022 and August 16, 2022 memoranda and orders granting in part, and denying in part, defendants' motions to dismiss.  (Docs. 76, 79-81).  Specifically, Picarella argues that: (1) the court improperly dismissed the official capacity claims because he also seeks prospective relief against defendants; (2) the court erred in dismissing the Section 5901 claim; and (3) the court erred in dismissing his First Amendment claim.  (Id.)  The motions are ripe for disposition.²

## II. Legal Standard

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or present newly discovered evidence."  Hernandez v. United States, 608

---

¹ The motion to dismiss was also filed on behalf of Dorina Varner, Keri Moore, J. Burd, and Robert Williamson.  (See Doc. 52).  In the court's August 16, 2022 order, defendants Varner, Moore, Burd, and Williamson were dismissed from this action.  (Doc. 75).

² Defendants' briefs in opposition to Picarella's motions for reconsideration call attention to the fact that Picarella did not contemporaneously file a brief in support of one motion for reconsideration (Doc. 73), as required by Local Rule 7.10.  (Doc. 84 at 4-5; Doc. 86 at 4-5).  Although defendants accurately describe Picarella's violation of local rules, we will address all of the pending motions on the merits.

F. App'x 105, 109 (3d Cir. 2015)[3] (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)).  Such a motion may be granted based on one of three grounds: (1) "an intervening change in controlling law;" (2) "the availability of new evidence;" or (3) "the need to correct clear error of law or prevent manifest injustice."  Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  As such, a party may not rely on evidence that has already been submitted to support a motion for reconsideration.  Harsco, 779 F.2d at 909.  A motion for reconsideration is not a vehicle to simply "reargue matters already argued and disposed of."  Waye v. First Citizen's Nat'l Bank, 846 F. Supp. 310, 313 (M.D. Pa. 1994), aff'd, 31 F.3d 1175 (3d Cir. 1994) (citing Davis v. Lukhard, 106 F.R.D. 317, 318 (E.D. Va. 1984)).  A party's mere dissatisfaction with a ruling "is not a proper basis for reconsideration."  Velazquez v. UPMC Bedford Mem'l Hosp., 338 F. Supp. 2d 609, 611 (W.D. Pa. 2004) (quoting Burger King Corp. v. New England Hood and Duct Cleaning Co., Civ. No. 98-cv-3610, 2000 WL 133756, *2 (E.D. Pa. Feb. 4, 2000)).  Given the importance of finality in legal judgments, motions for reconsideration should be granted sparingly.  Williams v. City of Pittsburgh, 32 F. Supp. 2d 236, 238 (W.D. Pa. 1998).

---

[3] The court acknowledges that nonprecedential decisions are not binding upon federal district courts.  Citations to nonprecedential decisions reflect that the court has carefully considered and is persuaded by the panel's *ratio decidendi*.

**III.     Discussion**

    **A.     Official Capacity Claims**

Picarella argues that the court erred in dismissing his official capacity claims against defendants because he also seeks prospective relief.  (Docs. 76, 79, 80).  Picarella states that he "seeks to enjoin DelBalso from denying him rights afforded by 61 Pa. C.S. § 5901, a state law, while she may be acting as the chief administrator of a state prison, an act which would violate Picarella's 14th Amendment right to equal protection of law" and "seeks to enjoin Ralston from enforcing Department policy DC-ADM 803(1)(c)(11) because his doing so violates Picarella's First Amendment rights."[4]  (Doc. 81 at 7).

As set forth in our prior memoranda, the Eleventh Amendment bars suits seeking monetary damages against a state and its agencies in federal court.  (Doc. 72 at 5-6) (Doc. 74 at 8-9) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99-100 (1984)).  Suits against state officials acting in their official capacities are really suits against the employing government agency and, as such, are barred by the Eleventh Amendment.  A.W. v. Jersey City Public Schools, 341 F.3d 234, 238 (3d Cir. 2003); see also Hafer v. Melo, 502 U.S. 21, 25 (1991); Will v. Mich. Dep't of State Police, 491 U.S. 58, 70-71 (1989).  As the Commonwealth has not waived its Eleventh Amendment immunity for lawsuits filed in federal court, see 42 PA. CONS. STAT. § 8521-22, it and its departments, as well as its officials sued in their official

---

[4] As stated, we dismissed defendant Ralston from this action on August 4, 2022.  (See Docs. 72, 73).

capacities, are immune from suits filed in federal court.  Thus, we granted defendants' motions to dismiss any claim for monetary relief against the defendants in their official capacities.

Conversely, the Eleventh Amendment does not bar claims against a state officer in his official capacity for prospective injunctive relief or claims against state officials in their individual capacity for money damages.  Hafer, 502 U.S. at 30-31; J.C. v. Ford, 674 F. App'x 230, 232 (3d Cir. 2016).  Here, Picarella alleges that defendants denied him exercise in the past and his claims are based on prior actions.  Picarella does not allege an ongoing violation upon which to base any claim for prospective relief.[5]  The court finds that Picarella fails to demonstrate reliance on one of the three major grounds needed for a proper motion for reconsideration.  Hence, we will deny Picarella's request for reconsideration of the dismissal of the official capacity claims against defendants.

**B.     Claim under 61 Pa.C.S. § 5901**

Picarella next requests that the court reconsider the dismissal of his claim under 61 Pa.C.S. § 5901.  (Doc. 76 at 2; Doc. 80 at 2; Doc. 81 at 8).  In the third amended complaint, Picarella alleges that defendants denied his right to exercise under 61 Pa.C.S. § 5901.  (Doc. 50 ¶¶ 32-76, 239).  In addressing this claim, the court previously found that Section 5901 of the Prisons and Parole Code is a Pennsylvania

---

[5] Additionally, defendant DelBalso is no longer employed as the Superintendent at SCI-Mahanoy and any claim for prospective relief against her is rendered moot by virtue of her transfer from the facility.  (Doc. 50 ¶ 28).

state statute that does not create federal civil liability, and we dismissed Picarella's claim pursuant to Section 5901. (Doc. 72 at 8-9; Doc. 74 at 13-14). We noted that, "[t]o state a claim for relief in an action brought under § 1983, [plaintiffs] must establish that they were deprived of *a right secured by the Constitution or laws of the United States*, and that the alleged deprivation was committed under color of state law." (Id.) (citing American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999) (emphasis added)). Picarella now argues that defendant DelBalso has not complied with Section 5901, which, in turn, violates his constitutional right to due process and equal protection of the laws. (Doc. 76 at 2; Doc. 80 at 2; Doc. 81 at 8).

Even if we consider Picarella's claim that his right to due process was violated when he was denied exercise, the claim must fail. "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). In analyzing a procedural due process claim, "the first step is to determine whether the nature of the interest is one within the contemplation of the 'liberty or property' language of the Fourteenth Amendment." Shoats v. Horn, 213 F.3d 140, 143 (3d Cir. 2000). Liberty interests arise from the Constitution or "from an expectation or interest created by state laws." Williams v. Sec'y, Dep't. of Corr., 848 F.3d 549, 558-59 (3d Cir.) *cert. denied sub nom.* Walker v. Farnan, –– U.S. ––, 138 S. Ct. 357, 199 L. Ed. 2d 263 (2017), and *cert. denied sub nom.* Williams v. Wetzel, –– U.S. ––, 138 S. Ct. 357, 199 L. Ed. 2d 263 (2017) (quoting Wilkinson v. Austin,

545 U.S. 209, 221 (2005)). In the prison context, a protected liberty interest arises only where a restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 558-59 (citations omitted). Picarella's due process claim arising from the occasional denial of exercise does not constitute a significant or atypical hardship, and, as such, does not qualify for any procedural protections. See Griffin v. Vaughn, 112 F.3d 706, 708-09 (3d Cir. 1997) (finding administrative custody where plaintiff was limited to three showers per week and only one hour of recreation a day neither "atypical" nor "significant" hardships); Jackson v. Beard, No. 3:09-CV-2129, 2015 WL 1321721, *12 (M.D. Pa. March 24, 2015) (finding limitations on shower and recreation access did not rise to atypical or significant hardships); see also Diaz v. Cumberland Cty., No. 10-3932, 2010 WL 3825704, *5 (D.N.J. Sept. 23, 2010) (dismissing a claim by pretrial detainee asserting that he was afforded only one hour of yard recreation per day and explaining that, in order to assert a violation of due process, inmate must show that denial of recreation was such that it caused injury to his ability to control his muscular functions or to maintain his range of physical motions).

Regarding the equal protection claim, Picarella unequivocally stated that he "makes no equal protection claim again[st] Defendant DelBalso nor Defendant Ralston." (Doc. 67 at 14). Thus, we dismissed any Fourteenth Amendment equal protection claim and did not consider the denial of exercise in the context of a Fourteenth Amendment violation. (Doc. 72 at 15).

Picarella's motions for reconsideration fail to meet the narrowly defined factors set forth above because they do not identify an intervening change in controlling law, provide any evidence that was not previously available to this court, or show the need to correct a clear error of law or prevent manifest injustice. Picarella's arguments are insufficient to warrant reconsideration. Accordingly, there is no basis for Picarella's request for relief regarding his claim under 61 Pa.C.S. § 5901.

### C. First Amendment Claim

Finally, Picarella seeks reconsideration of the dismissal of his First Amendment claim. (Doc. 76 at 2-3; Doc. 79 at 2-3; Doc. 80 at 2-3). He argues that he is challenging the Department's mail policy as whole, rather than limiting his claims to the denials of the Uniform Commercial Code ("UCC") materials. (Id.) In the third amended complaint, Picarella alleges that his First Amendment rights were violated when the prison confiscated his UCC materials as violative of DC-ADM 803(1)(c)(11). We previously dismissed this First Amendment claim based on Third Circuit precedent holding that DC-ADM 803 is constitutional with respect to UCC materials and that the confiscation of an inmate's legal materials concerning UCC filings does not state a viable First Amendment claim. (Doc. 72 at 9-12; Doc. 74 at 19-21) (citing Fontroy v. Beard, 559 F.3d 173 (3d Cir. 2009); Monroe v. Beard, 536 F.3d 198, 206 (3d Cir. 2008)). With respect to Picarella's claim that DC-ADM 803 is

9

overly broad, our court of appeals has held that the DOC's mail policy does not unconstitutionally abridge inmates' First Amendment rights. See Pelino v. Wetzel, No. 21-1363, 2022 WL 1239050, at *1-2 (3d Cir. Apr. 27, 2022) (nonprecedential) (considering and rejecting an inmate's claim that DC-ADM 803 infringed on his First Amendment rights, where the inmate challenged the fact that Smart Communications was electrically storing copies of his mail, and where the inmate expressed concern that prison staff would read those electronically stored copies of his mail). Thus, any general challenge to DC-ADM 803, or to its administration by prison officials, fails.

Picarella has not presented any new evidence, facts or issues which were not previously in existence and available to him prior to the court addressing defendants' motions to dismiss. Rather, he simply seems to be dissatisfied with the court's opinion. Picarella's motions for reconsideration will be denied as we find no manifest errors of law or fact or newly discovered evidence with respect to the First Amendment claim.

## IV.   Conclusion

We will deny Picarella's motions (Docs. 76, 79, 80) for reconsideration. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:      December 16, 2022